UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:13-cr-73-FtM-38CM

ENEDINO GALINDO

### **ORDER**[1]

This matter comes before the Court on Enedino Galindo's *pro se* Motion for Recommending 12 Months CCC/RRC Placement. (Doc. 90). The Government has not filed a response, and the time to do so expired. For the following reasons, the Court denies Galindo's motion.

Three years ago, the Court sentenced Galindo to seventy months' imprisonment for possessing a firearm and ammunition as a convicted felon. (Doc. 52). At the sentencing hearing, Galindo testified along with his wife, sister, sister-in-law, and disabled son's self-care assistant. (Doc. 82). Common to their testimonies was that Galindo is a good father who has a close bond with his son. The son has cerebral palsy and requires around-the-clock care. Galindo also expressed concern for how his wife would care for their son and four other children if he was in prison. The Court considered the testimonies, among other things, in sentencing Galindo to a low-end guidelines sentence.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

It was also recommended that Galindo be incarcerated in a facility close to home. (Doc. 52 at 2).

Galindo now moves for a judicial recommendation to the BOP that he be placed in a residential reentry center ("RRC") for twelve months, six months of which would be home confinement. (Doc. 90 at 1). To support his request, Galindo outlines his achievements and self-improvements while incarcerated. (Doc. 90-1). For example, he has earned a High School Equivalency Credential, completed the residential drug program, and attended several other education courses. (Doc. 90 at 2; Doc. 90-1 at 5-7). He also states that his wife struggles to care for their children.

Under federal law, once a court imposes a sentence, the Bureau of Prisons ("BOP") assumes legal authority over the prisoner. Only the BOP can designate the place of a prisoner's imprisonment. *See* 18 U.S.C. § 3621(b); *United States v. Sonny Austin Ramedo*, No. 17-10297, 2017 WL 3446898, at *1 (11th Cir. Aug. 11, 2017) (stating "the BOP is afforded wide discretion in classifying and housing prisoners" (citations omitted)). And the agency decides a place of imprisonment based on certain factors including the sentencing court's recommendation on "a type of penal or correctional facility." 18 U.S.C. § 3621(b)(4)(B). "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." *Id.* § 3621(b).

Additionally, 18 U.S.C. § 3624(c) provides that a federal inmate may be granted pre-release custody, in which he is permitted to serve a portion of his federal sentence in the community, whether it is home confinement or placement in a community correctional

facility. "The BOP considers all five factors listed in § 3621(b), as well as the guidelines under § 3624(c)(1), and makes an individual determination on each inmate's placement into an RRC." *United States v. Horton*, No. 2:12-cr-7-BO-1, 2017 WL 3204479, at \*1 (W.D.N.C. July 27, 2017) (citations omitted). One factor considered is the sentencing court's recommendation on a "type of penal or correctional facility" for the defendant. *See id.*

Here, the Court recommended a prison placement for Galindo in its judgment, *i.e.*, he be housed close to home. (Doc. 52). But it made no recommendation on RRC or halfway house placement. The Court thus construes Galindo's motion as requesting a supplemental recommendation on RRC or halfway house placement.[2] At sentencing, the Court carefully considered multiple facts bearing on Galindo's incarceration. And Galindo reiterates many of those same facts in this motion. The Court did not find at sentencing – nor does it find now – that a recommendation to the BOP on RRC placement to be appropriate. *See Ramedo*, 2017 WL 3446898, at \*1 (rejecting defendant's argument that the district court was required to recommend to the BOP that his "public safety factor" designation be removed); *see also United States v. Martin*, No. 16-17353 (11th Cir. Aug. 15, 2017) (holding "a district court's denial of a recommendation to the BOP is not a final order subject to appellate review" and stating defendant's "relief requested, if granted, would violate the prohibition on federal courts issuing non-binding advisory opinions"). The Court commends Galindo for his achievements while in custody and feels confident

---

[2] To the extent that Galindo seeks the Court to amend the judgment, it has no basis to do so under the circumstances presented. "The court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This rule has certain exceptions, none of which applies. *Id.*

3

the BOP will consider his performance and behavior record when deciding his eligibility, if any, for RRC placement.

Accordingly, it is

**ORDERED:**

Enedino Galindo's Motion for Recommending 12 Months CCC/RRC Placement ([Doc. 90](Doc. 90)) is **DENIED**. The Court takes no position on RRC placement but leaves the decision in the discretion of the Bureau of Prisons.

**DONE AND ORDERED** at Fort Myers, Florida on this 16th day of August 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Parties of Record