UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.: 2:13-cr-73-FtM-38DNF

ENEDINO GALINDO

## **ORDER**[1]

Before the Court is Defendant Enedino Galindo's Motion for Early Termination of Supervised Release filed December 18, 2020. (Doc. 94). The Government opposes Galindo's request, as outlined in their response filed December 21, 2020. (Doc. 95).

On May 29, 2013, Galindo was charged with possession of a firearm and ammunition by a convicted felon in violation of Title 18 U.S.C. §§ 922(g)(1) and 924(a)(2) in a one-count federal Indictment. (Doc. 1). Galindo appeared before United States Magistrate Judge Douglas N. Frazier on October 31, 2013 and entered a plea of guilty to Count One of the Indictment (Doc. 38); that same day the District Court accepted Galindo's plea and adjudicated him guilty (Doc. 39). On March 28, 2014, the undersigned United States District Court Judge sentenced Galindo to seventy-months imprisonment to be followed by three-

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

years of supervised release. (Doc. 52). The Defendant was released from the Bureau of Prisons' custody on June 11, 2019 and commenced his term of supervision that same day; Galindo's term is set to expire June 10, 2022. (Doc. 94).

Having just completed half of his three-year term of supervised release, Galindo now motions the Court requesting early termination of his supervised release. He claims all fees and costs have been paid, that he has maintained a stable residence with his wife for the duration of his supervision, and that he has been "gainfully employed" since February of this year (2020). Galindo states United States Probation does not object to his request for early termination and asserts his supervising officer describes him as "always available and compliant". (Doc. 94).

The Government objects to Galindo's motion for many reasons, largely citing Galindo's extensive criminal history and high risk of recidivism as reasons the Court should deny the motion. AUSA Jesus Casas advises that at the time of sentencing Galindo scored a criminal history level of (V) which the Government contends is indicative of a high risk of recidivism and is not consistent with early termination of supervision. AUSA Casas further argues that the defendant has provided no reason for the Court to grant his request other than having met the basic requirements necessary to file the motion. Also pointing out that while Galindo indicates United States Probation has no

objection to the motion, the supervising officer also indicated that Probation "would ultimately defer to the Court in this matter" and Probation has filed no documentation or recommendation in support of the motion.

Galindo states the change in his employment was due to a "high difference in salary", giving the impression the change was voluntary. However, the Government contends that Galindo has had three different jobs, as well as periods of unemployment, while on supervision, with one former employer reporting that Galindo was terminated for theft. Galindo's failure to report changes in his employment are documented in the 12A Report filed by United States Probation in November 2019. (Doc. 92).

Galindo's omission of key details and misrepresentation of facts in his motion, coupled with the details contained in the 12A Report, reflect a pattern of dishonesty by the defendant. The Court finds Galindo's overall employment performance while on supervision to be less than impressive, and his failure to provide the Court with an accurate and complete depiction of his employment history does not weigh in Galindo's favor when considering the motion.

Galindo notes that he has maintained a "stable residence" with his wife while on supervision. The Court notes that Galindo's wife, Brenda Galindo, participated in the instant offense charged in this case. Further, at the time of the defendant's arrest, Brenda Galindo was interviewed and advised that she was unaware of any drug use by the defendant, stating she has "never

seen" him use drugs and denies any drug usage by the defendant; the defendant then tested positive for marijuana, cocaine and opiates. While it is possible Brenda Galindo was unaware of her husband's drug use, it is not likely, and the couple's (shared) criminal history, which includes drug charges, would also indicate otherwise. Therefore, the Court does not find this factor to support the request for early termination.

However, as outlined in the Government's response, it is Galindo's extensive criminal history that weighs heaviest against his request for early termination. With charges ranging from burglary to possession of drugs and firearms to battery, Galindo has consistently been involved in the criminal justice system since the age of eighteen. Most of the gaps in his criminal record can either be accounted for as periods of incarceration or reflect arrests for crimes not prosecuted. Either way, Galindo's record reveals his inability to remain within the parameters of the law.

Upon considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1).

After reviewing the pleadings and the record against the § 3553(a) factors, the Court does not find that the interest of justice or the Defendant's

conduct warrant early termination of supervision. The Court thus denies the motion.

Accordingly, it is now

**ORDERED:**

Defendant Galindo's Motion for Early Termination of Supervised Release (Doc. 94) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on December 30, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record